**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GEOFFREY H. ANDERSON,**

      **Plaintiff,**

**vs.**                          **Case No. 4:09cv135-RH/WCS**

**JUSTIN WARD,
and JOEL REMLAND,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a second amended complaint alleging claims under 42 U.S.C. § 1983, § 1985, and § 1986. Doc. 14. The second amended complaint has been reviewed.

Plaintiff has submitted virtually the identical pleading that was already reviewed and deemed insufficient. Plaintiff's second amended complaint, doc. 14, is the same as his amended complaint, doc. 11.

Plaintiff's allegations in this case concern an alleged "retaliation conspiracy" between defense counsel, the assistant state attorney prosecuting the State's case against Plaintiff, and the state court judge. As a result of the alleged retaliatory

conspiracy, Plaintiff was found incompetent to proceed and was transported to the Florida State Hospital on January 8, 2007, pursuant to a court order entered by Judge Cooper. Doc. 14, ¶ 50. Plaintiff remained at the Hospital until June 28, 2007. *Id.*, at ¶ 53.

Plaintiff complains that his defense attorneys were only interested in having Plaintiff enter a plea. *Id.*, at ¶ 59-61, 67. Plaintiff alleges the co-conspirators refused to provide evidence, denying Plaintiff of his Sixth Amendment rights. *Id.*, at ¶ 66, 69. Plaintiff also complains that his speedy trial rights were violated by Defendants Ward and Remland, public defenders appointed to represent him, and he was coerced into waiving his speedy trial rights by the judge . *Id.*, at ¶ 19, 72-73. Plaintiff claims he was retaliated against because he would not accept the plea, and because Defendants (and other co-conspirators) were angry with Plaintiff because of he had been filing "satire" which "parodied" the co-conspirators, *see* ¶ 20, and because Plaintiff "persisted in filing court briefs which exposed and challenged [the] cronyism, corruption, and refusals to perform" of his attorneys. *Id.*, at ¶ 74. Plaintiff alleges the retaliation violated his First Amendment rights, his "due process" rights, his equal protection rights, and his right against "cruel and unusual punishment." *Id.* Plaintiff also seeks to sue Defendants for conspiracy, legal malpractice, retaliation, wrongful imprisonment, extortion, humiliation, mental anguish, and the intentional infliction of emotional distress. Doc. 14.

The second amended complaint, like the amended complaint, does not comply with Fed. R. Civ. P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2), *quoted in*

<u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336,125 S.Ct. 1627, 1634, 161 L.Ed.2d 577 (2005). The second amended complaint, doc. 14, is not short.

Plaintiff was ordered to submit a second amended complaint "no longer than fifteen pages." Plaintiff did not comply. The complaint repeats the same allegations over and over.

Plaintiff was ordered to provide sufficient specific factual allegations to support his claims, particularly with respect to his claims of conspiracy and retaliation. Presenting a virtually identical pleading does not comply with that order. Plaintiff repeatedly accuses everyone involved with his criminal case with lying, conspiring against him, falsifying evidence, retaliating against him for his efforts to represent himself pro se (he had an attorney assigned), and conspiring to have him evaluated for competency to proceed and to have him involuntarily committed for mental health treatment, but Plaintiff fails to set forth the specifics to support such conclusions.

Plaintiff did comply with one part of the order – to omit claims against the assistant state attorney, who is protected by absolute immunity.

Plaintiff was ordered to explain the results of the criminal case brought against him. Doc. 12. Plaintiff was to state the result of *each* charge and identify those which may have been dismissed, those for which he was found not guilty, and clarify if he was convicted of *any* charge from that case. Plaintiff did not include that information in his second amended complaint. Plaintiff did, however, provide the information in a response, doc. 13. Plaintiff states he was "charged with Resisting An Officer with Violence, Battery on An Officer, and Driving Under The Influence (DUI)." *Id.*, at ¶ 11. Plaintiff represented himself at trial. *Id.* Plaintiff was convicted of three offenses,

"Resisting An Officer <u>Without</u> Violence . . . Battery On A Police Officer . . . [and] for Driving Under The Influence." *Id.*

Plaintiff cannot claim in this civil rights case that his speedy trial rights were violated or that Defendants were ineffective in their representation. He was convicted of three crimes. A plaintiff may not bring a civil rights claim to obtain monetary damages if judgment in plaintiff's favor would "necessarily imply the invalidity of his conviction." <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).

Plaintiff has no claim for cruel and unusual punishment against the two public defenders because they did not create any cruel conditions at the mental hospital. Defendants cannot be held responsible for conditions at the hospital.

Plaintiff also may not bring claims against his defense attorneys for violating his Sixth Amendment rights because Plaintiff represented himself. A defendant in a criminal proceeding has a Sixth Amendment right to waive his right to counsel and conduct his own defense. <u>Faretta v. California</u>, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (recognizing the right to self-representation). Having done that, Plaintiff may not then bring Sixth Amendment claims against the attorneys whose services he terminated.

Plaintiff was offered a plea agreement, the benefits of which are unknown, but it is clear Plaintiff did not want to accept a plea and admit guilt. Plaintiff refused the pleas, as is within his right to do. Indeed, every criminal defendant is free to accept or reject a plea, or even counter with another offer. But neither a defendant, nor his attorney, is able to force the State to offer a specific plea. Indeed, the State is under no obligation

whatsoever to make any agreement with a defendant. In this case, Plaintiff was unwilling to accept an offer, and he was not forced to do so by his defense attorneys.

Further, the law is clearly established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981). That is so because a criminal lawyer's "professional and ethical obligations required him to act in a role independent of and in opposition to the State." West v. Atkins, 487 U.S. 42, 50, 108 S.Ct. 2250, 2256 (1988), *explaining* Dodson, 454 U.S. at 318-319, 320, 102 S.Ct., at 450.

In Tower v. Glover, 467 U.S. 914, 104 S.Ct. 2820 (1984), the Supreme Court held that although public defenders are not "state actors" in the normal course of defending one charged with criminal violations, they could be found to act "under color of state law" when engaged in a conspiracy with state officials. *Relying on* Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), the Court held that when engaged in intentional misconduct in a conspiracy with state officials that deprives a litigant of federal rights, the public defender is not immune from § 1983 liability. Tower, 467 U.S. at 923, 104 S.Ct. at 2826.

The alleged conspiracy here was to have Plaintiff enter into a guilty plea and then have him declared mentally incompetent when that did not occur. While it is *possible* that Plaintiff could allege facts sufficient to proceed with the conspiracy claims against Defendants Remland and Ward, Plaintiff has not. Plaintiff has refused to comply with court orders that adequately and clearly present his claims. *See* doc. 13. Plaintiff's conclusory contentions about the alleged retaliation and conspiracy are buried within the

second amended complaint.  Doc. 14.  As presented, the second amended complaint

fails to present any facts to show that the so-called "retaliation conspiracy" was based

on any fabricated facts or was due to any unlawful actions by these defendants.


**RECOMMENDATION**

In light of Plaintiff's refusal to comply with court orders and submit a short and

plain statement of the facts as required by FED. R. CIV. P. 8, it is respectfully

**RECOMMENDED** that Plaintiff's second amended complaint, doc. 14, be **DISMISSED**

without prejudice for failure to state a claim upon which relief may be granted and for

failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2009.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**