**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

GEOFFREY H. ANDERSON,

       Plaintiff,

v.                                CASE NO.  4:09cv135-RH/WCS

JUSTIN WARD, et al.,

       Defendants.

_____/

**<u>ORDER OF DISMISSAL</u>**

This case is before the court on the magistrate judge's report and recommendation (document 15) and the objections (document 16).  I have reviewed *de novo* the issues raised by the objections.  The report and recommendation concludes that the second amended complaint should be dismissed.

The report and recommendation notes a number of defects in the pleading.  It challenges primarily the plaintiff's treatment in a state criminal proceeding that produced a conviction that remains intact.  The claims are barred, in large measure, by *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), which held that a state prisoner cannot properly pursue a § 1983 action

that, if successful, would necessarily call into question the validity of a conviction

that has not been vacated. Moreover, the second amended complaint rambles and

fails to comply with a prior order—and the governing rule—requiring a "short and

plain" statement of the claims. In addition, the second amended complaint's

conclusory allegations of a conspiracy are the very kind of assertions found

insufficient in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167

L. Ed. 2d. 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 173 L.

Ed. 2d 868 (2009).

The tenor of the plaintiff's allegations is well summarized in his objections

to the report and recommendation. The plaintiff says:

> this Court is only interested in protecting the "racket" of fraud and
> misconduct that permeates the State courts, particularly the State
> criminal courts. This Court sacrifices its integrity, so that evil
> assistant state attorneys, puppet public defenders, and pandering
> judges can continue to operate. In the words of President Lyndon B.
> Johnson, this Court "deserves a barbed-wire enema."

Objections (document 16) at 3. Conclusory allegations like this do little to advance

the analysis.

The report and recommendation correctly concludes that the second

amended complaint should be dismissed. Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The clerk must enter

judgment stating, "The complaint is DISMISSED."  The clerk must close the file.

SO ORDERED on October 23, 2009.

s/Robert L. Hinkle
United States District Judge